UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                          :
                                                          :
MITCH ALDARONDO, JR.,                                     :
                                                          :
                              Plaintiff,                  :        12 Civ. 08529 (CM) (DF)
                                                          :
              -against-                                   :        **REPORT AND**
                                                          :        **RECOMMENDATION**
COMMISSIONER OF SOCIAL SECURITY,                          :
                                                          :
                              Defendant.                  :
--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/14

**TO THE HONORABLE COLLEEN MCMAHON, U.S.D.J.:**

Pro se plaintiff Mitch Aldarondo ("Plaintiff") commenced this action pursuant to

42 U.S.C. § 1383(c)(3), to obtain judicial review of the Commissioner of Social Security's

determination that he was ineligible for supplemental security income.  Defendant Commissioner

of Social Security ("Defendant" or "the Commissioner"), has moved for judgment on the

pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Dkt. 18.)  The case

was referred to me for a Report and Recommendation on that motion, but, based on Plaintiff's

failure to file an opposition or otherwise to make diligent efforts to prosecute his case,

I recommend that the action be dismissed, *sua sponte* and without prejudice, pursuant to

Rule 41(b) of the Federal Rules of Civil Procedure.

### BACKGROUND

Plaintiff initiated this action by filing a *pro se* Complaint on November 20, 2012, seeking

judicial review of the Commissioner's denial of benefits under 42 U.S.C. § 1383(c)(3).  (*See*

Dkt. 2.)  Plaintiff alleged that he became entitled to receive supplemental security income in

1998 as a result of juvenile rheumatoid arthritis and bladder cancer.  (*See id.* at 1.)

On November 30, 2012, the Court's *Pro Se* Office sent Plaintiff a letter acknowledging receipt of his Complaint. (Dkt. 3.) That letter, which the *Pro Se* Office apparently attempted to mail to Plaintiff at the address he listed on his Complaint, was later returned in the mail. (*See* Text Entry on Docket, dated Dec. 11, 2012.) On December 13, 2012, this Court issued a Scheduling Order (Dkt. 9), setting deadlines for, *inter alia*, Plaintiff to serve and file an opposition to Defendant's motion for judgment on the pleadings and to cross-move for judgment in his favor, should he wish to do so. That Scheduling Order was sent by this Court to Plaintiff at the address that was then recorded on the Docket for this case, but it was similarly returned in the mail. (*See* Text Entry on Docket, dated Dec. 13, 2012.) Also returned in the mail were copies of the U.S. Marshals Service proof of service that had been sent to Plaintiff. (*See* Text Entry on Docket, dated Jan. 18, 2013.)

After being served with process, Defendant made three letter requests for extensions of time to answer and move with respect to the Complaint. (*See* Dkts. 12, 13, 14.) By memo endorsements dated March 11, 2013, April 29, 2013, and May 28, 2013, this Court granted each of these requests, each time resetting the parties' briefing deadlines. (*See id.*) The Court attempted to mail each of these Orders to Plaintiff, but the first two of them were returned in the mail. (*See* Text Entries on Docket, dated Apr. 18, 2013, and May 7, 2013.) There is no indication on the Docket that the third of these Orders (Dkt. 14), which set the deadline for Plaintiff's opposition and potential cross-motion at July 29, 2013, was returned.

On June 28, 2013, Defendant timely filed an Answer (Dkt. 17), together with a motion for judgment on the pleadings (Dkt. 18).

On October 1, 2013, the Court issued a Standing Order staying certain civil cases, including this one, pending the restoration of federal funding. (Dkt. 20.) The copy of that

Standing Order that was mailed to Plaintiff was later returned in the mail. (*See* Text Entry on Docket, dated Oct. 21, 2013.)

On October 22, 2013, after the stay of this action was lifted, my chambers attempted to reach out to Plaintiff by telephone, to let him know that mail was being returned and to try to confirm his mailing address. My courtroom deputy called the telephone number included in Plaintiff's Complaint, and reached a woman, who confirmed Plaintiff's mailing address, except for one detail. Specifically, this individual stated that, after Plaintiff's street address, the letters "PH" (apparently an abbreviation for "private house") should appear, but, on the Docket, those letters (which had been handwritten in Plaintiff's form Complaint) had been recorded as "Pit." Accordingly, the Court issued one final Scheduling Order, directing Plaintiff to serve and file his opposition to Defendant's pending motion, as well as any cross-motion, by December 31, 2013. (Dkt. 21.) This Court mailed that Scheduling Order to Plaintiff at the corrected address, and expressly cautioned Plaintiff that if, by that date, he had still failed to serve and file any opposition to Defendant's motion, his case could be dismissed for failure to prosecute. (*See id.*) Despite the Court's correction of Plaintiff's address, the copy of this Order that the Court mailed to Plaintiff was returned in the mail. (*See* Text Entry on Docket, dated Dec. 11, 2013.)

## DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently and to keep the Court apprised of his current mailing address, and, if he fails to do so, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also Wilson v. New York City Corp. Counsel*, No. 07 Civ. 3658 (JSR), 2008 WL 516014, at *1 (S.D.N.Y. Feb. 27, 2008) (noting that "it was plaintiff's responsibility to apprise the Court of his current address").

3

"A plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted); *see also Ortiz v. United States*, No. 01 Civ. 4665 (AKH), 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing case for failure to prosecute where "[p]laintiff ha[d] not even fulfilled his minimal obligation to keep the *pro se* office of this Court informed of his change of address"). The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action with prejudice, where a plaintiff fails to prosecute his case. *Link*, 370 U.S. at 630-31.

In deciding whether to dismiss an action for failure to prosecute, the Court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

In this case, as set out above, numerous notices and Orders that the Court sent to Plaintiff, over an extended period of time, have been returned as undeliverable. Indeed, only one of the Court's several Orders setting or revising a motion schedule (Dkt. 14) was *not* returned to the Court in the mail. If Plaintiff received that one Order – which set July 29, 2013 as his deadline for opposing Defendant's motion – then Plaintiff should have filed his opposition by that date or

4

requested an extension. Plaintiff did neither, nor has he ever filed an opposition, or ever asked
for more time to do so.  Nor does it appear that Plaintiff has ever made any inquiries, through the
*Pro Se* Office or otherwise, regarding the status of his case, even after the Court reached out to
someone at the telephone number he provided and informed that person, at his presumed
residence, that mail from the Court was being returned.  At this point, where the Court has heard
nothing from Plaintiff since he first commenced this action nearly a year and a half ago, this
Court concludes that it has no reliable means of communicating with Plaintiff and that Plaintiff
has not made diligent efforts to prosecute his case.  The Court also notes that it at least tried to
give Plaintiff explicit, written notice of the potential consequences of a failure to prosecute his
case, although the Order containing that notice was itself returned to the Court in the mail.

Under the circumstances, I recommend that Plaintiff's Complaint be dismissed
*sua sponte,* under Rule 41(b) for failure to prosecute, although I further recommend that the
dismissal be without prejudice.  Such a dismissal would allow for the possibility that Plaintiff
had good cause for failing to prosecute his case at this time, and would preserve Plaintiff's right
to have his claims reviewed at a later time, on a full presentation of the merits, rather than on an
unopposed motion for judgment on the pleadings.  The more draconian sanction of dismissal
*with* prejudice would seem excessive here, especially in light of Plaintiff's *pro se* status.

## CONCLUSION

For all of the foregoing reasons, I respectfully recommend that this action be dismissed
without prejudice, under Rule 41(b) of the Federal Rules of Civil Procedure, and that the case
closed on the Docket of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written

objections. *See also* Fed. R. Civ. P. 6 (allowing three additional days for service by mail).  Such objections, and any responses to objections, shall be filed with the Honorable Colleen McMahon, United States Courthouse, 500 Pearl Street, Room 1640, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge McMahon.  As Petitioner is proceeding in this action *pro se*, any submissions he makes to the Court (including any objections to this Report and Recommendation for filing, any courtesy copies for judges' chambers, and any requests for extensions of time) should be delivered by him to the Court's *Pro Se* Office.

FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
      April 17, 2014

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Mr. Mitch Aldarondo, Jr.
2927 Haskins St. PH
Bronx, NY  10461

Defendant's counsel (via ECF)